# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TIMOTHY EUGENE DAVIS**                                                    **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 2:16-CV-00074-KS-MTP**

**ALEX HODGE**                                                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Alex Hodge's Motion for Summary Judgment [29] filed July 7, 2017. Plaintiff did not respond to the motion even though he was advised to respond to motions filed by Defendant within 14 days, and was specifically ordered to respond to the motion [29] by September 26, 2017. *See* Order [32]; *see also* Omnibus Order [24] at 4.[1] Having considered the motion, the record, and the applicable law, the undersigned recommends that the Motion [29] be GRANTED and this matter be dismissed without prejudice as Plaintiff failed to exhaust administrative remedies before filing this suit.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, was incarcerated at the Jones County Adult Detention Center ("JCADC") as a pretrial detainee during the alleged events. He is currently incarcerated as a post-conviction inmate at South Mississippi Correctional Institution in Leakesville, Mississippi. Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on May 24, 2016. The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at a *Spears*[2] hearing.

---

[1] The Court also verbally advised Plaintiff that if a Motion for Summary Judgment was filed that he had a right to respond within two weeks. *See* Omnibus Transcript [29-1] at 35.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston,* 405 Fed App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a Spears hearing supersede claims alleged in the complaint).

1

**Jail Conditions and Overcrowding**

Plaintiff first claims that the jail was overcrowded. He claims at various intervals from April 2015 to February 2016 while housed at JCADC he was in an 8-man cell with at least 16 inmates. Plaintiff asserts that due to the overcrowding he was forced to sleep on the floor on a mat for eight out of the ten months that he was housed there. He alleges that as a result of being forced to sleep on the floor, he has been mentally damaged and has bad dreams.

Plaintiff also claims that there is mold in the showers at JCADC as a result of the overcrowded conditions. He said that the mold was on the shower curtain, walls, floor, and roof. Plaintiff claims he did not suffer any injury from the mold and that he does not know if the mold was a harmful variety.

**Lack of Recreation**

Plaintiff next complains that he was denied any kind of recreation or exercise during his stay at Jones County. Plaintiff claims that he was not allowed outside recreation from April 2015 to February 2016. He asserts the overcrowded conditions likewise prevented any exercise in the "zone." Plaintiff stated at the *Spears* hearing that he has not suffered any physical injury as a result of lack of recreation time.

**Lack of Fire Sprinklers**

Plaintiff claims that the JCADC has no fire sprinklers. He also states that there are no evacuation routes and that staff does not conduct fire drills. He submits this was dangerous to him and other inmates. He claims that on one occasion a fellow inmate set fire to a mattress and the smoke made it hard to breathe. He claims that if the jail had sprinklers this would not have happened.

Plaintiff sues Alex Hodge for the above listed claims because he is in charge of the jail.

Plaintiff claims he did not file any grievances or communicate with Hodge personally about any allegations made in this lawsuit.

## **STANDARD**

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.*

However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**ANALYSIS**

Defendant asserts that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies.[3] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Id.* at 85.

Courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. *Id.,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendant bears the

---

[3]Although Defendant raised the defense of qualified immunity and also argues that Plaintiff did not suffer a constitutional violation, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner,* 45 F.3d 90, 93 (5th Cir.1993) (*citing Siegert v. Gilley,* 500 U.S. 226, 231–33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir.1999). Because the undersigned finds that these claims should be dismissed for failure to exhaust administrative remedies, the Defendant's other asserted grounds for dismissal need not be addressed.

burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

According to an affidavit submitted by Captain David Hare, who manages the day to day affairs at the JCADC, the jail has a written grievance system. *See* Declaration [29-3]. Hare explains that the system requires inmates to complete an inmate Grievance Form and send it to the Jail Administrator or a Case Manager. Once a form is submitted, the inmate is typically required to wait seven days for a response. *Id.* Defendant also submitted a sample grievance form which outlines this process. *See* Form [29-2]. The form specifies, among other things, that inmates may use the form to submit grievances about "violations of civil rights," and "unjust denial or restriction of inmate privileges." *Id.*

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Plaintiff testified under oath that he filed no grievances while at the jail. *See* Omnibus Transcript [29-1] at 22. Plaintiff filed this action before submitting any grievances through the proper channels.

Exceptions to the exhaustion requirement are only appropriate where the administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff did not file a response to the current motion even after being provided an opportunity to do so and has not

5

made such a showing. Accordingly, undersigned recommends that this case be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Defendant's Motion [29] for Summary Judgment be granted as Plaintiff failed to exhaust his administrative remedies before filing suit; and

2. This action be dismissed without prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 3rd day of October, 2017.

s/ Michael T. Parker
United States Magistrate Judge
